IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Staton,                           :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :    No. 1765 C.D. 2015
                    Respondent          :    Submitted: April 28, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE                       FILED:  September 20, 2017


          Shawn Staton (Staton) petitions for review of an order of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief and affirming its recalculation decision.  Staton contends the
Board improperly extended his maximum sentence.  His appointed counsel, James
L. Best, Esquire (Counsel) has petitioned for leave to withdraw his representation.
Upon review, we grant Counsel's request and affirm the Board's order.

          On November 9, 2009, Staton was sentenced to three to six years in
state prison.  His minimum sentence date was March 24, 2012 and his maximum
sentence date was March 24, 2015.  (Certified Record (C.R.) at 1.)

          On March 28, 2012, Staton was released on parole (C.R. at 9), but on
November 20, 2014, he was arrested for possession with intent to deliver (PWID).
(C.R. at 13.)  As a result, the Board detained Staton as an alleged parole violator.

Staton was convicted of PWID, and on February 20, 2015, he was sentenced to one to two years in state prison with consecutive probation. (C.R. at 53.)

Staton waived his right to a revocation hearing and admitted that he was a convicted parole violator, causing the Board to recommit him as such. (C.R. at 57-59, 68.) Staton made a request for administrative relief, challenging the addition of backtime to his sentence. (C.R. at 70.) The Board responded that Staton's sentence had been correctly recalculated to reflect he was not given credit for his street time,[1] and that the Board had authority to do so pursuant to 61 Pa.C.S. § 6138(a)(2). (C.R. at 74.) Staton then filed a petition for administrative review, alleging, *inter alia*, (1) that the Board does not have authority to alter his judicially-imposed sentence beyond his original maximum term; (2) that the Board "unilaterally breached" Staton's "contract" with the Court of Common Pleas of Bucks County, as his initial sentence was entered into pursuant to a plea agreement; and (3) that his sentence was increased in violation of the Cruel and Unusual Punishment and Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. (C.R. at 70.)

Counsel filed a petition to withdraw as counsel and a *Turner/Finley* letter.[2] This Court, however, determined Counsel failed to address each issue Staton wished to raise on appeal and, in an unreported opinion, denied Counsel's

[1] Time spent at liberty on parole is commonly referred to as "street time." *See Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994 (Pa. Cmwlth. 2004).

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

initial request to withdraw. *See Staton v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth. No. 1765 C.D. 2015, filed January 4, 2017), 2017 WL 33726. Counsel has filed a new petition to withdraw and no-merit letter as directed by this Court, which we now review.

## DISCUSSION

We first consider the technical prerequisites imposed upon appointed counsel who wishes to withdraw his or her representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa. Super. 2007)).

If appointed counsel's no-merit letter meets the technical requirements, this Court will independently review the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

3

In the matter *sub judice*, Counsel's no-merit letter does indeed satisfy the technical requirements of *Turner/Finley*. In his letter, Counsel thoroughly analyzed Staton's arguments on appeal and explained why each argument lacks merit. Counsel served copies of his no-merit letter and petition to withdraw on Staton and advised him of his right to retain private counsel or to proceed *pro se*. Thus, we conclude that Counsel has complied with the technical requirements of *Turner/Finley*. We next consider the merits of the underlying claim.

Staton concedes he is a convicted parole violator, but argues the Board unlawfully extended his maximum sentence beyond his original maximum term. (Petitioner's Brief at 1-2.) The Board, however, did not add any "extra time" to Staton's original sentence. Rather, it recalculated Staton's sentence maximum date as follows: Staton was released on parole on March 29, 2012 and his original sentence maximum date was March 24, 2015, resulting in Staton owing 1,091 days of backtime towards his original sentence. (C.R. at 66.) The Board credited Staton with 70 days of backtime served for time he was held prior to recommitment. *Id*. With this credit, Staton owed 1,021 days of backtime towards his original sentence. Staton began serving his original sentence on May 29, 2015. With the 1,021 days of backtime owed added to this date, Staton's sentence maximum date became March 5, 2018.

It is well-settled that the Board has the authority to forfeit street time when a parolee is recommitted as a convicted parole violator. Section 6138(a) of the Prisons and Parole Code states that a convicted parole violator "shall be given no credit for the time at liberty on parole," unless the Board, in its discretion,

4

decides to award such credit. 61 Pa.C.S. § 6138(a).[3] Instantly, the Board chose not to award such credit. Because the Board's authority to forfeit Staton's street time was clear, we agree with Counsel that Staton's petition for review arguing the Board unlawfully extended his maximum sentence date is devoid of merit.

Staton next argues the Board "unilaterally breached" Staton's "contract" with the Court of Common Pleas of Bucks County, as his initial sentence was entered into pursuant to a plea agreement. As Counsel correctly explains,

> "[w]hen the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." *Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super. 2010), *appeal denied*, 608 Pa. 634, 9 A.3d 626 (2010). In Mr. Staton's case, he bargained for and received a sentence

---

[3] Section 6138(a) of the Prisons and Parole Code states, in relevant part:

(a) Convicted Violators.—

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole . . . .

61 Pa.C.S. § 6138(a).

5

of 3-6 years on his robbery [conviction]. His sentence was subject to Pennsylvania's law of parole which meant that if he were on parole and committed a violation, then he was subject to the forfeiture of street time and the de facto extension of his maximum sentence.

(Counsel's Turner Letter at 4.)

Contract principles are indeed implicated in the plea agreement process. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) ("[E]ven though a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." (internal citation omitted)). An offer from the Commonwealth seeking a defendant's plea of guilty can form a contract as in any other circumstance, whether accepted through a written plea agreement or by the defendant's performance in entering the guilty plea. Once the contract is formed, its terms must be fulfilled. Although it is unclear in this matter whether Staton's plea formed a contract through a written mechanism or by his acceptance of the Commonwealth's offer through entry of a guilty plea, we do not doubt that such a contract exists. However, as we explained in addressing Staton's first issue, he did receive the benefit of whatever bargain he was entitled to, regardless of the Board's recalculation of his original sentence. The parties to such a contract are the defendant and the Commonwealth, not the Board. Any suggestion that the Board has a contractual duty to Staton is thus misplaced. As such, Staton's breach of contract argument is without merit.

Finally, Staton argues that the increase in his sentence was in violation of the Cruel and Unusual Punishment and Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. As detailed above, however, the Board did not increase Staton's sentence, but recalculated it in accordance with Section 6138

6

of the Prisons and Parole Code. 61 Pa.C.S. § 6138(a). As such, this issue is without merit.

Accordingly, we grant Counsel's petition to withdraw his representation and affirm the Board's order.

_____
JOSEPH M. COSGROVE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Staton,                                    :
                    Petitioner                   :
                                                 :
            v.                                   :
                                                 :
Pennsylvania Board of                            :
Probation and Parole,                            :     No. 1765 C.D. 2015
                    Respondent                   :

# O R D E R

AND NOW, this 20th day of September, 2017, James L. Best, Esquire's Petition to Withdraw as Counsel is granted and the order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
JOSEPH M. COSGROVE, Judge