IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Kiesel,                          :
                          Petitioner         :
                                             :
                    v.                       :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :    No. 261 C.D. 2017
                          Respondent         :    Submitted: January 19, 2018


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: March 26, 2018


          Christopher Kiesel (Kiesel) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) January 25, 2017 order denying his request for administrative relief. Kiesel is represented in this matter by Wayne R. Maynard, Esquire (Counsel), who has filed a Petition to Withdraw as Counsel (Application). After review, we grant Counsel's Application and affirm the Board's order.

          Kiesel is an inmate at the State Correctional Institution at Graterford (SCI-Graterford). On April 6, 1995, Kiesel was sentenced to $9^{1}/_{2}$ to 20 years of incarceration for 19 counts of burglary to which Kiesel pled guilty (Original Sentence). At that time, his maximum sentence release date was November 24, 2014. On June 24, 2004, Kiesel was paroled to Kintock Community Corrections Facility (CCF) and released thereto on July 12, 2004. As a condition of his parole, Kiesel agreed:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 12. Kiesel did not object to the above-quoted parole condition. On October 15, 2004, Kiesel absconded from Kintock CCF and, on October 29, 2004, he was arrested for bank robbery. On January 31, 2005, Kiesel pled guilty to 3 counts of bank robbery and was sentenced to 156 months of incarceration in a federal institution. On December 22, 2005, the Board issued a warrant for Kiesel's arrest.

On March 18, 2016, Kiesel was transferred from federal custody to SCI-Graterford. On May 4, 2016, the Board held a revocation hearing at which Kiesel admitted to his bank robbery convictions. By decision recorded May 27, 2016 (mailed June 10, 2016), the Board formally recommitted Kiesel as a convicted parole violator (CPV) to serve 36 months backtime and recalculated his maximum sentence release date to July 31, 2026. On June 13, 2016, Kiesel submitted an Administrative Remedies Form challenging the Board's decision. On January 25, 2017, the Board denied Kiesel's request for administrative relief. Kiesel appealed to this Court.[1] Thereafter, Counsel filed his Application and *Turner* letter.[2]

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On March 6, 2017, Counsel filed a Petition for Permission to file a Petition for Review Nunc Pro Tunc (Petition). By March 20, 2017 order, this Court granted the unopposed Petition. Counsel subsequently filed Kiesel's Petition for Review.

[2]
> [P]er *Commonwealth v. Turner*, . . . 544 A.2d 927 ([Pa.] 1988), *Epps v. [Pennsylvania Board of Probation and] Parole*, . . . 565 A.2d 214 ([Pa. Cmwlth.] 1989), and *Frankhouser v. [Pennsylvania Board of Probation and] Parole*, . . . 598 A.2d 607 ([Pa. Cmwlth.] 1991), counsel seeking to withdraw from representation of a petitioner

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with . . . a no-merit letter satisfying the requirements of *Turner,* and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's no-merit letter herein, this Court notes that the letter contains the procedural history of Kiesel's case, as well as Counsel's review of the record and relevant statutory and case law. Counsel served Kiesel with a copy of the no-merit letter and his Application, and notified Kiesel that he may either obtain substitute counsel or file a brief on his own behalf.[3] Counsel further stated therein that Kiesel raises two issues in his Petition for Review: (1) whether the Board has the authority to extend Kiesel's maximum sentence release date beyond what was

seeking review of a determination of the Board must provide a 'no-merit' letter which details 'the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.' *Turner, . . .* 544 A.2d at 928.

*Zerby v. Shanon,* 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

[3] Kiesel did not obtain substitute counsel or file a brief.

3

judicially imposed; and (2) whether Kiesel should be given credit for "street time"[4] while he was on parole in 2004. In his *Turner* letter to this Court, Counsel provides sufficient reasons why Kiesel's issues are without merit.[5] Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and we will now independently review the merits of Kiesel's arguments to determine whether to grant or deny Counsel's Application.

Kiesel contends that the Board does not have the authority to extend his maximum sentence release date beyond what was judicially imposed. "Although phrased in various ways, it is clear that this argument rests entirely on [Kiesel's] mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date." *Hughes v. Pa. Bd. of Prob. & Parole,* ___ A.3d ___, ___ (Pa. Cmwlth. No. 433 C.D. 2017, filed February 14, 2018), slip. op. at 4.

When Kiesel was paroled on July 12, 2004, 10 years, 4 months and 12 days remained on his Original Sentence (November 24, 2014 less July 12, 2004). He was recommitted as a CPV and returned to the Board's custody on March 18, 2016. The Board's recommitment order properly added the remainder of his Original Sentence to the date of his return to the Board's custody. Thus, as the *Hughes* Court explained: "[W]hen the Board imposed backtime, the Board *did not impose an additional sentence* on [Kiesel] but, rather, directed [Kiesel] to *complete the original judicially-mandated sentence.* Accordingly, [Kiesel's] argument that the Board erred in extending his new maximum parole date beyond the maximum date of his [O]riginal [S]entence is meritless." *Hughes,* ___ A.3d at ___, slip op. at 5 (citations omitted).

---

[4] "Time spent at liberty on parole is commonly referred to as 'street time.'" *Staton v. Pa. Bd. of Prob. & Parole,* 171 A.3d 363, 364 n.1 (Pa. Cmwlth. 2017).

[5] Although Counsel's explanation is minimal, it is sufficient to not warrant denial of Counsel's Application.

Kiesel next asserts that he should be given credit for his "street time" while he was on parole in 2004. Section 6138(a)(2.1)(i) of the Prisons and Parole Code provides, in relevant part:

> **The [B]oard may**, in its discretion, **award credit to a parolee** recommitted under paragraph (2) **for the time spent at liberty on parole**, **unless** any of the following apply:
>
> > (i) **The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,]** 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. § 6138(a)(2.1)(i) (emphasis added). "As used in [Section 9714(g) of the Sentencing Code,] the term 'crime of violence' means . . . robbery as defined in [Section 3701(a)(1)(i), (ii) or (iii) of the Crimes Code,[6]] 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery)[.]" 42 Pa.C.S. § 9714(g).

According to the United States District Court Judgment, Kiesel pled guilty to three counts of bank robbery, Section 2113(a) of the United States Code, "18

---

[6] Section 3701(a)(1) of the Crimes Code provides, in relevant part:

A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]

18 Pa.C.S. § 3701(a)(1).

U.S.C. § 2113(a)." C.R. at 71. Section 2113(a) of the United States Code, referring to bank robbery, provides in relevant part:

> Whoever, **by force and violence**, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association[.]

18 U.S.C. § 2113(a) (emphasis added). Because Kiesel was convicted of a crime of violence while on parole, he is statutorily precluded from receiving credit for his 2004 street time and, thus, his argument has no merit.

   For all of the above reasons, we grant Counsel's Application and affirm the Board's order.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Kiesel, : 
                Petitioner : 
                               : 
                v. : 
                               : 
Pennsylvania Board of : 
Probation and Parole, :    No. 261 C.D. 2017
                Respondent : 

## O R D E R

AND NOW, this 26th day of March, 2018, Wayne R. Maynard, Esquire's Petition to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's January 25, 2017 order is AFFIRMED.


_____
ANNE E. COVEY, Judge