# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kashawn S. Deas, : 
                           Petitioner : 
                            : 
               v. : No. 755 C.D. 2020
                            : Submitted: January 22, 2021
Board of Probation and Parole : 
Secretary John J. Talaber, Esq., and : 
Mr. John Rivello, Facility Manager/SCI- : 
Mahanoy, : 
                      Respondents : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER             FILED: April 27, 2021

Kashawn S. Deas (Deas) petitions for review of a May 21, 2020 Order of the Pennsylvania Board of Probation and Parole (Board)[1] that affirmed the Board's action delivered October 25, 2019, recommitting Deas as a convicted parole violator (CPV) to serve 21 months of backtime, and denying him credit for time spent at liberty on parole, also known as street time. Deas is represented by appointed counsel, Kent D. Watkins, Esquire (Counsel). Counsel has filed an Application to

---

[1] The Board, formerly known as the Pennsylvania Board of Probation and Parole, was recently renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter, which are based on his conclusion that Deas's Petition for Review is without merit. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

Deas was sentenced on May 19, 2014, to one year and four months to four years of imprisonment at a state correctional institution (SCI) for his conviction of fleeing or attempting to elude a police officer. (Sentence Status Summary, Certified Record (C.R.) at 1.) At the same time, he received an underlapping concurrent sentence of 11 months and 29 days to 2 years of imprisonment for his conviction of reckless endangerment. (*Id.*) On June 10, 2014, Deas was sentenced to an additional term of imprisonment of 42 days to 1 year and 11 months, to be served consecutively following his initial sentence, for his conviction on a second count of fleeing or attempting to elude an officer. (*Id.*) On August 18, 2014, Deas was sentenced to a third consecutive term of imprisonment of 22 days to 1 year for his conviction of false identification to law enforcement authorities. (*Id.*) On January 6, 2015, the Board paroled Deas from these original sentences, which, based on the three consecutive terms he received, had a combined maximum date of March 8, 2020, and he was released on February 2, 2015. (Order to Release on Parole/Reparole, C.R. at 9-10.)

On December 9, 2016, officers of the Allentown Police Department arrested Deas and later charged him with escape, resisting arrest or other law enforcement, manufacture, sale, delivery, or possession with intent to deliver drugs, and simple possession of drugs. (Police Criminal Complaint, C.R. at 14-19.) Deas did not post bail on the new charges. (C.R. at 21.) On December 10, 2016, the Board issued a warrant to commit and detain Deas for violating his parole. (Warrant to Commit and

Detain, C.R. at 20.) By notice dated December 20, 2016, the Board noted the new criminal charges against Deas and scheduled a detention hearing. (Notice of Charges and Hearing, C.R. at 24.) On January 3, 2017, Deas waived his right to be represented by counsel, and the Board held a detention hearing. (C.R. at 26-27.) The hearing examiner recommended that the Board detain Deas pending disposition of the new criminal charges against him. (Preliminary/Detention Hearing Report, C.R. at 28.) On January 26, 2017, before the Board officially adopted the hearing examiner's recommendation, all new charges against Deas were withdrawn, and he was released from Lehigh County Jail. (Criminal Docket, C.R. at 29.)

On February 6, 2018, officers of the Allentown Police Department arrested Deas again and charged him with simple assault, harassment, resisting arrest or other law enforcement, unlawful possession of a firearm, carrying a firearm without a license, simple possession of a controlled substance, possession with intent to deliver a controlled substance, criminal trespass, fleeing or attempting to elude a police officer, and driving a motor vehicle without a license.[2] (C.R. at 33-46.) On the same date, the Board issued a second warrant to commit and detain Deas for violating his parole. (Warrant to Commit and Detain, C.R. at 47.) By notice dated February 14, 2018, the Board noted the new criminal charges against Deas and scheduled a detention hearing. (Notice of Charges and Hearing, C.R. at 52.) That same day, Deas waived his rights to be represented by counsel and to a detention hearing. (C.R. at 54.) By action recorded on March 2, 2018, the Board detained Deas pending

---

[2] In its Criminal Arrest and Disposition Report, the Board stated that, on February 6, 2018, "[p]olice attempted to arrest [Deas] for a domestic violence criminal case[,]" and that "[a]s [Deas] was driving away from drug treatment," police conducted a traffic stop and he fled from law enforcement officers and was subsequently arrested. (C.R. at 48.) The domestic incident and the traffic stop appear to have occurred at different times on the same day, February 6, 2018, and police filed two separate criminal complaints for the two events. (*Id.* at 33-36, 38-44, 75.)

3

disposition of the new criminal charges against him. (Notice of Board Decision, C.R. at 60.) On July 9, 2019, Deas was found guilty of carrying a firearm without a license and was sentenced to three to six years of incarceration in an SCI. (Lehigh County Court of Common Pleas Order, C.R. at 61; Sentence Status Summary, C.R. at 65.)

The Board issued a Notice of Charges and Hearing based on his new conviction, and Deas waived his rights to counsel and to panel and revocation hearings and admitted to his new conviction. (C.R. at 66, 68-69.) A hearing examiner recommended recommitting Deas as a CPV to serve 21 months of backtime and denying Deas credit for time spent at liberty on parole because his new conviction involved possession of a weapon. (Revocation Hearing Report, C.R. at 79, 81.) The hearing examiner and a Board member signed the hearing report on October 9, 2019. (*Id.* at 83.)

By action delivered to Deas on October 25, 2019, the Board recommitted Deas as a CPV to serve 21 months of backtime. (Notice of Board Decision, C.R. at 102.) The Board denied Deas credit for his street time because his "conviction involved possession of a weapon" and he had "domestic violence issues," and recalculated his maximum sentence date as September 26, 2024. (*Id.*)

On November 20, 2019, Deas filed a pro se Request for Administrative Relief with respect to the Board's October 25, 2019 Order. (C.R. at 104-06.) He argued that the Board erred by impermissibly extending his judicially imposed sentence beyond the original maximum date and by setting a maximum date that is beyond the presumptive recommitment range applicable to the new offense for which he was convicted. He also argued that, because it extended his sentence, the Board's decision constitutes cruel and unusual punishment and double jeopardy in violation

4

of the United States and Pennsylvania Constitutions. Finally, Deas claimed that the conditions imposed on his parole are unlawful because they constitute an illegal contract, and, therefore, the Board erred in relying on them when it recommitted him as a CPV.

The Board responded to Deas's Request for Administrative Relief on May 21, 2020, and affirmed its October 25, 2019 decision. (C.R. at 110-11.) The Board first explained that it acted within its discretion in denying Deas credit for his street time, and that it provided legally sufficient reasons for that decision, i.e., that he was convicted of a firearms offense and was reported to have engaged in domestic violence. (*Id.* at 110.) It further stated that its decision to recommit Deas as a CPV authorized its decision to recalculate his maximum sentence date to reflect that he received no credit for his street time. (*Id.* at 111.) The Board also stated that Deas had notice of this potential penalty, based on both Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(2), and Deas's written acknowledgement of the conditions of his parole. As for Deas's constitutional arguments, the Board explained that his ability to challenge the recommitment decision satisfied his due process rights, such that the Board's recalculation of his maximum sentence date did not violate any constitutional provisions, including double jeopardy. (*Id.*) The Board did not specifically address Deas's argument concerning the length of his recommitment term as compared to the presumptive range.

On June 29, 2020, Deas filed a pro se Petition for Writ of Habeas Corpus, which, by order dated August 13, 2020, this Court treated as a Petition for Review addressed to our appellate jurisdiction. *See* Section 763 of the Judicial Code, 42 Pa.C.S. § 763; Pennsylvania Rule of Appellate Procedure 1501, Pa.R.A.P. 1501. In

his Petition for Review, Deas first argued that the Board erred in recalculating his maximum sentence date because it impermissibly extended his judicially imposed sentence, and that this constitutes additional punishment in violation of constitutional protections against cruel and unusual punishment and double jeopardy. He also claimed that his parole conditions constitute an illegal contract, and that his judicially imposed sentence cannot be modified by contract. Finally, in addition to the issues he raised before the Board, Deas made nonspecific assertions that the Board's recommitment decision was arbitrary and capricious and violated his constitutional rights to due process of law.[3]

On October 30, 2020, Counsel filed the Application to Withdraw on the ground that the Petition for Review lacks merit. In support, he also filed the No-Merit Letter, which he sent to Deas along with the Application to Withdraw, detailing his review of the Certified Record and relevant law. After summarizing the relevant factual and procedural history, Counsel addressed the issues raised by Deas in the Petition for Review. First, Counsel acknowledged the Board's authority, pursuant to Section 6138(a)(1) and (2.1) of the Code, 61 Pa.C.S. § 6138(a)(1), (2.1),[4]

---

[3] These latter issues were not raised in Deas's Request for Administrative Relief before the Board. Accordingly, they are waived, and we need not consider them further. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (stating that issues not raised before the Board are waived and cannot be considered for the first time on appeal).

[4] Section 6138(a) of the Code provides, in relevant part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

> . . . .

**(Footnote continued on next page…)**

6

to recommit Deas as a CPV and to recalculate his maximum sentence date without credit for street time. (No-Merit Letter at 7.) Counsel added that the reasons the Board gave for its decision to deny credit are legally sufficient. (*Id.* at 8.) Regarding Deas's arguments concerning double jeopardy and cruel and unusual punishment, Counsel explained that Deas waived his opportunity to be heard concerning his parole revocation and admitted to his new conviction, and that the Board then followed the proper statutory recommitment provisions. (*Id.*) Counsel also noted that Deas did not offer any evidence that the Board's action constituted cruel and unusual punishment. (*Id.*) Concerning Deas's challenge to his parole conditions, Counsel explained that the conditions arose from the Board's statutory parole authority, not from an illegal contract, and emphasized that Deas acknowledged the conditions of his parole in writing, including the condition that he must comply with all laws. (*Id.* at 8-9.) Counsel also noted that Deas discusses his parole conditions

---

(2) If the [CPV's] recommitment is so ordered, the [CPV] shall be reentered to serve the remainder of the term which the [CPV] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a [CPV] recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . or a crime requiring registration under 41 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The [CPV] was recommitted under [S]ection 6143 [of the Code, 61 Pa.C.S. § 6143,] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a).

7

without acknowledging the Board's recommitment authority, which was included in the conditions. (*Id.* at 9.) Based on his reasoning, Counsel concluded that the issues Deas raised in the Petition for Review are without merit. (*Id.*)

Counsel also addressed another argument Deas raised in his administrative appeal to the Board, but which Deas did not separately assert in the Petition for Review: whether the Board erred in exceeding the presumptive recommitment range for the offense of which Deas was convicted. (No-Merit Letter at 6.) Counsel observed that the Board recommitted Deas to serve 21 months of backtime, and then explained that this falls within the presumptive range established for the offense of carrying a firearm without a license, which is 18 to 24 months. (*Id.* (citing 37 Pa. Code § 75.2).) Accordingly, Counsel concluded that this argument lacks merit.

Having concluded that the Petition for Review lacks merit, Counsel informed Deas of his right to hire another attorney or file a brief on his own behalf raising any points he might deem worthy of consideration. (No-Merit Letter at 9.) Counsel also served Deas with this Court's November 2, 2020 order informing Deas that he could obtain substitute counsel at his own expense or file a brief on his own behalf. Deas did not file a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a copy of counsel's petition to withdraw," and a

8

statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.*

Counsel has complied with the procedural requirements of *Turner*. As we have set forth above, Counsel has explained the nature and extent of his review of the record, addressed the issues Deas raised in his Petition for Review and in his administrative appeal to the Board, and provided an analysis of those issues and Counsel's reasons for concluding that they lack merit. Counsel served copies of both the Application to Withdraw and the No-Merit Letter on Deas. In the No-Merit Letter, and by serving Deas with the Court's November 2, 2020 order, Counsel has informed Deas that he may retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*, and we now turn to Deas's Petition for Review to determine independently whether it is without merit.[5]

1.  **Whether the Board improperly extended Deas's judicially imposed sentence, in violation of his constitutional rights, by recalculating his maximum sentence date.**

As the Court explained in *Hughes*, "the Board **did not impose an additional sentence** on [Deas], but, rather, directed [Deas] to **complete the original judicially[]mandated sentence**." 179 A.3d at 121 (emphasis in original). In *Hughes*, we further explained:

---

[5] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005).

9

Section 6138(a)(1) [of the] Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a [CPV]. 61 Pa.C.S. § 6138(a)(1). If the parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. Section 6138(a)(2), (2.1) of the Code, 61 Pa.C.S. § 6138(a)(2), (2.1).

*Id.* at 120. Here, the Board merely recalculated Deas's maximum sentence date to reflect the time remaining on his original sentence without credit for time at liberty on parole, as authorized in Section 6138(a)(2) of the Code. It did not improperly extend Deas's original sentence, as he contends.

Moreover, we have consistently rejected challenges to the Board's credit decisions based on constitutional protections against double jeopardy and cruel and unusual punishment. *See Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363, 367 (Pa. Cmwlth. 2017); *Monroe v. Pa. Bd. of Prob. & Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989). Therefore, Deas's constitutional arguments also lack merit.

**2.      Whether the Board erred in recommitting Deas based on a violation of the conditions of his parole.**

First, we note that the Board's recommitment of Deas as a CPV was not based on the conditions of his parole alone, but on the statutory requirement that, upon conviction of a crime committed while on parole, he "may at the discretion of the [B]oard be recommitted as a [CPV]," and, once recommitted, "**shall** be reentered to serve the remainder of [his] term which [he] would have been compelled to serve had the parole not been granted . . . ." 61 Pa.C.S. § 6138(a)(1), (2) (emphasis added). Accordingly, Deas's parole conditions are not necessary to support the Board's revocation decision, which was based on Section 6138(a)(1) and (2) of the Code.

10

Regardless, the imposition of conditions on parole is entirely lawful. As we have explained:

> The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. Accordingly, parolees are subjected to certain conditions which restrict their activities substantially beyond the ordinary restrictions imposed by law on private citizens. Although the offender's freedom may be substantially restricted, the [Board] is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen.

*Hubler v. Pa. Bd. of Prob. & Parole*, 971 A.2d 535, 537 (Pa. Cmwlth. 2009) (quoting *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 638 (Pa. Cmwlth. 2005)). Therefore, by accepting the conditions of his parole, Deas did not enter into an illegal contract for modification of his sentence; rather, he merely acknowledged the Board's statutory authority to recommit him as a CPV to serve the remainder of his sentence. *See Currie v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 206 C.D. 2019, filed Aug. 16, 2019), slip op. at 8-9.[6] Deas's argument on this issue is therefore without merit.

### 3. Whether the Board abused its discretion by imposing a recommitment term outside the relevant presumptive range.

The Pennsylvania Supreme Court has held that "[a]s long as the period of recommitment is within the presumptive range for the violation," this Court should "not entertain challenges to the propriety of the term of recommitment." *Smith v.*

---

[6] *Currie* is cited for is persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). The presumptive ranges for CPVs are found in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2. The presumptive range for carrying a firearm without a license is 18 to 24 months. *Id.* Here, the 21 months of backtime the Board imposed on Deas is within that presumptive range and, in compliance with *Smith*, we will not disturb it.

Additionally, Deas apparently misapprehended the nature of backtime. The backtime term imposed by the Board does not affect the **maximum** sentence date, but merely establishes "a new parole eligibility date for the parolee, in effect, a recomputed **minimum** term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047-48 (Pa. Cmwlth. 1984) (emphasis added). Accordingly, the imposition of backtime does not impermissibly lengthen the original sentence, which is governed by the recomputed maximum date, unless it "exceeds **the entire remaining balance** of [the] parolee's unexpired term." *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) (emphasis added). Here, the remaining balance of Deas's unexpired term, after applying credit, was 1,814 days. (Order to Recommit, C.R. at 100.) The Board imposed a recommitment term of 21 months, or 639 days. (Notice of Board Decision, C.R. at 102.) Accordingly, the amount of backtime the Board imposed did not exceed the remaining balance of Deas's judicially imposed sentence, and Deas's argument on this issue is thus without merit.

Based upon the foregoing, we conclude that Deas's Petition for Review is wholly without merit. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's May 21, 2020 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kashawn S. Deas,
                            Petitioner

                v.

Board of Probation and Parole
Secretary John J. Talaber, Esq., and
Mr. John Rivello, Facility Manager/SCI-
Mahanoy,
                        Respondents

:
:
:
:
:    No. 755 C.D. 2020
:
:
:
:
:
:
:
:

# **O R D E R**

**NOW**, April 27, 2021, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

 

                                     _____
                                     **RENÉE COHN JUBELIRER,** Judge