# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Johnson,                        :

                Petitioner       :

                        :

            v.               :     No. 926 C.D. 2020

                        :     Submitted:  March 5, 2021

Pennsylvania Parole Board,     :

                Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED:  May 10, 2021**


Mark A. Johnson, pro se,[1] an inmate confined at the State Correctional Institution (SCI) at Mercer, petitions for review of an August 19, 2020 Order of the Pennsylvania Parole Board (Board) that affirmed a Board decision mailed July 2, 2020, which recommitted Johnson as a convicted parole violator (CPV) to serve 12 months' backtime, denied him credit for the time he spent at liberty on parole, and recalculated his maximum sentence date as April 29, 2021.  On appeal, Johnson asserts that the Board erred in recalculating his maximum sentence date because it impermissibly extended his judicially imposed sentence.  He contends, rather, that only a sentencing court has the authority to change maximum sentence dates.

---

[1] On October 13, 2020, we ordered the Public Defender of Mercer County to represent Johnson.  On December 1, 2020, we granted the Public Defender's motion to withdraw as counsel because Johnson wanted to proceed pro se.

Johnson also challenges the Order on various other grounds. For the following reasons, we affirm the Board's Order.

On February 10, 2017, Johnson pleaded guilty to possession with intent to deliver and was sentenced in the Court of Common Pleas of Fayette County (trial court) to a term of nine months to two years in an SCI. (Sentence Status Summary, Certified Record (C.R.) at 1-2.) At that time, his maximum sentence date was February 10, 2019. (*Id.* at 1.) Johnson was paroled from his original sentence on November 10, 2017. (Order to Release on Parole/Reparole, C.R. at 7.)

On August 25, 2018, Pennsylvania State Police Trooper Jason Zanolli arrested Johnson based on an incident in Fayette County where Johnson "pull[ed] out an unknown .380 firearm and fire[d] at least (8) eight rounds into the air[.]" (Police Criminal Complaint, C.R. at 11, 13.) Johnson was charged with recklessly endangering another person, possession of a firearm prohibited, and firearms not to be carried without a license. (*See id.* at 11-15; *see also* Criminal Docket, C.R. at 18; Criminal Information, C.R. at 39.) Bail was set at $100,000, which Johnson did not post.[2] (Criminal Docket, C.R. at 18.) On the same day, the Board issued a detainer warrant. (Warrant to Commit and Detain, C.R. at 16.)

The Board issued a Notice of Charges and Hearing based on Johnson's new criminal charges. (C.R. at 23.) On September 6, 2018, Johnson waived his rights to be represented by counsel and to a detention hearing. (Waiver of Representation by Counsel/Waiver of Detention Hearing, C.R. at 24-25.) By decision recorded on October 2, 2018, the Board detained Johnson pending disposition of the new criminal charges filed in Fayette County. (Notice of Board Decision, C.R. at 31.)

---

[2] Johnson's bail was subsequently reduced. Although the record reflects that Johnson posted bail and was released from detention at some subsequent point, these events are not relevant to the issues before the Court.

Johnson was released on his original maximum sentence date on February 10, 2019, and the Board issued an order cancelling its detainer warrant on the same day. (Order to Release from Temporary Detention or to Cancel Warrant to Commit and Detain, C.R. at 40.) On February 11, 2019, the Board declared Johnson delinquent for control purposes effective August 25, 2018. (Administrative Action, C.R. at 41.)

On November 5, 2019, Johnson pleaded guilty to recklessly endangering another person stemming from the August 25, 2018 incident, and the firearm charges were nolle prossed. (Fayette County Court of Common Pleas Plea Sheet, C.R. at 42.) The trial court sentenced Johnson that same day to serve a total sentence of 6 months to 24 months in an SCI. (Fayette County Court of Common Pleas DC-300B, C.R. at 43-45; Sentence Sheet, C.R. at 46-47.) The trial court awarded Johnson 61 days of confinement credit for the periods of February 10, 2019, through March 4, 2019, and April 30, 2019, through June 6, 2019. (C.R. at 44, 46.)

On January 13, 2020, the Board issued a detainer warrant. (Warrant to Commit and Detain, C.R. at 62.) The Board issued a Notice of Charges and Hearing on January 15, 2020, based on Johnson's new criminal convictions. (C.R. at 68.) That same day, Johnson waived his right to be represented by counsel and to a revocation hearing, and admitted to his new criminal convictions. (Waiver of Revocation Hearing and Counsel/Admission Form, C.R. at 69-70.) By decision mailed on July 2, 2020, the Board recommitted Johnson as a CPV to serve 12 months' backtime. (Notice of Board Decision, C.R. at 99-100.) The Board declined to award Johnson credit for the time he spent at liberty on parole because of his history of supervision failures, the assaultive nature of his new criminal offense, and

3

his unresolved drug and/or alcohol issues. (*Id.* at 100.) The Board recalculated his maximum sentence date as April 29, 2021.[3] (*Id.*)

By correspondence received by the Board on July 16, 2020, Johnson challenged his return to custody date, asserting that it should be January 13, 2020, rather than January 28, 2020. (C.R. at 101.) Through counsel, Johnson also filed a petition for administrative review, which the Board received on July 24, 2020. (Administrative Remedies Form, C.R. at 103.) Therein, Johnson claimed that the Board erred by revoking his street time following his recommitment as a CPV. (*Id.*) Johnson also requested that the Board consider him for reparole so he could begin serving his new Fayette County sentence. (*Id.*) In addition, Johnson filed a pro se Administrative Remedies Form, which the Board also received on July 24, 2020, challenging the Board's jurisdiction to recalculate his sentence, and its recalculation of his maximum sentence date and reparole eligibility date. (*Id.* at 106-07.) In challenging the Board's ability to recalculate his maximum sentence date, Johnson argued that the Board violated his due process rights and the constitutional protections against double jeopardy. (*Id.* at 107.)

The Board responded to Johnson's request for administrative relief and subsequent correspondence on August 19, 2020, and affirmed its July 2, 2020 decision. (C.R. at 110-11.) The Board first noted that it was treating Johnson's July

---

[3] Pursuant to *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000), "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." However, as in *McClinton v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019), slip op. at 3 n.6, Johnson is still serving a sentence on the new charges and the issues raised in the present matter affect his new maximum date on those charges, so this matter is not rendered moot. McClinton is an unreported memorandum opinion of the Court, which may be cited for its persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

16, 2020 correspondence and subsequent Administrative Remedies Form sent by Johnson's attorney as a petition for administrative review from the Board's July 2, 2020 decision.[4] (*Id.* at 110.)

As to the merits of his request, the Board explained that the decision to recommit Johnson as a CPV gave the Board the statutory authority to recalculate his sentence to reflect that he received no credit for the time he spent at liberty on parole. (C.R. at 110.) It also explained that the Board's recalculation did not violate any constitutional provisions, including double jeopardy, and that Johnson's due process rights were not violated given his ability to challenge the recalculation decision after its imposition. (*Id.*)

The Board then explained how it recalculated Johnson's maximum sentence date, noting that there were 457 days remaining on Johnson's original sentence at the time he was paroled on November 10, 2017. (*Id.*) Because the Board declined to give Johnson credit for time spent at liberty on parole pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(2), Johnson still owed 457 days on his original sentence after he was arrested.[5] (C.R. at 111.) Adding 457 days to January 28, 2020, the day the Board recommitted Johnson as a CPV and, therefore, the date he became available to begin service of his original sentence, yielded a recalculated maximum sentence date of April 29, 2021. (*Id.*)

---

[4] The Board did not classify Johnson's additional correspondence as second or subsequent requests for relief under the Board's regulations. *See* 37 Pa. Code § 73.1.

[5] Section 6138(a)(2) of the Code provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S. § 6138(a)(2).

The Board also noted that any other time Johnson spent incarcerated during the time he did not post bail on the new Fayette County charges would be calculated by the Department of Corrections and credited toward his new state sentence upon commencement of that term. (*Id.*)

Finally, the Board advised that its decision to recommit Johnson as a CPV to serve 12 months of backtime could not be challenged given the presumptive ranges set forth in the Board's regulations. (*Id.* (citing 37 Pa. Code §§ 75.1, 75.2).) Adding 12 months to January 28, 2020, yielded a reparole eligibility date of January 28, 2021. (*Id.* at 111.) Accordingly, the Board concluded that it did not err and affirmed its prior decision.

Johnson now petitions this Court for review of the Board's Order, arguing that the Board erred in recalculating his maximum sentence date because it does not have the authority to extend his judicially imposed sentence.[6] Johnson acknowledges that although the Board has the discretion to determine sanctions for CPVs, the sentencing court has the sole authority to determine minimum and maximum sentence dates. Johnson also contends that the Board's recalculation of his maximum sentence date constitutes additional punishment in violation of constitutional protections against cruel and unusual punishment and double jeopardy, and that the Board violated his due process rights by extending his maximum sentence date without a hearing. Johnson claims that it is unlawful to use his parole conditions, or a breach thereof, "as evidence to extend a parolee's

---

[6] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005).

maximum [sentence date] beyond the judicially imposed date." (Johnson's Brief at 12.)

As stated above, Johnson argues that the Board improperly extended his judicially imposed sentence, in violation of his constitutional rights, by recalculating his maximum sentence date. As the Court explained in *Hughes v. Pennsylvania Board of Probation and Parole*, "the Board **did not impose an additional sentence** on [Johnson], but, rather, directed [Johnson] to **complete the original judicially[ ]mandated sentence**." 179 A.3d 117, 121 (Pa. Cmwlth. 2018) (emphasis in original). In *Hughes*, we further explained:

> Section 6138(a)(1) [of the] Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a [CPV]. 61 Pa.C.S. § 6138(a)(1). If the parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. Section 6138(a)(2), (2.1) of the Code, 61 Pa.C.S. § 6138(a)(2), (2.1).

*Id.* at 120. Here, the Board merely recalculated Johnson's maximum sentence date to reflect the time remaining on his original sentence without credit for time spent at liberty on parole, as authorized in Section 6138(a)(2) of the Code. Contrary to Johnson's assertions, the Board did not improperly extend his original sentence.

In addition, we note that the Board did not recalculate Johnson's maximum sentence date without notice and a hearing. As part of his release, Johnson agreed to the following:

> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a

7

> condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

(Conditions Governing Parole/Reparole, C.R. at 8.) When Johnson's new criminal charges were filed, the Board issued a Notice of Charges and Hearing, and Johnson waived his rights to be represented by counsel and to a detention hearing. (*Id.* at 23-25.) After Johnson pleaded guilty to the new criminal charges, the Board issued another Notice of Charges and Hearing based on his conviction, and Johnson again waived his rights to be represented by counsel and to a revocation hearing, and admitted to his new criminal convictions. (*Id.* at 68-70.) Johnson was afforded adequate due process.

Furthermore, this Court has consistently rejected challenges to the Board's credit decisions based on constitutional protections from double jeopardy and cruel and unusual punishment. *See Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363, 367 (Pa. Cmwlth. 2017); *Monroe v. Pa. Bd. of Prob. & Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989). We therefore find that Johnson's constitutional arguments lack merit.

Next, we address Johnson's argument that the Board unlawfully used the Conditions of Parole/Reparole sheet to recommit him as a CPV. Initially, we note that the Board's recommitment of Johnson as a CPV was not based on the conditions of his parole alone, but on the statutory requirement that, upon conviction of a crime committed while on parole, he "may[,] at the discretion of the [B]oard[,] be recommitted as a parole violator," and, once recommitted, "**shall** be reentered to

8

serve the remainder of [his] term which [he] would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(1), (2) (emphasis added). Therefore, Johnson's parole conditions are not necessary to support the Board's revocation decision, which was based on Section 6138(a)(1) and (2) of the Code.

Regardless, the imposition of conditions on parole is entirely lawful. As we have explained:

> The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. Accordingly, parolees are subjected to certain conditions which restrict their activities substantially beyond the ordinary restrictions imposed by law on private citizens. Although the offender's freedom may be substantially restricted, the [Board] is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen.

*Hubler v. Pa. Bd. of Prob. & Parole*, 971 A.2d 535, 537 (Pa. Cmwlth. 2009) (quoting *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 638 (Pa. Cmwlth. 2005)). Accordingly, by accepting the conditions of his parole, Johnson acknowledged the Board's statutory authority to recommit him as a CPV to serve the remainder of his sentence. *See Currie v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 206 C.D. 2019, filed Aug. 16, 2019), slip op. at 8-9.[7] Johnson's argument on this issue is thus without merit.

---

[7] *Currie* is cited for is persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Based upon the foregoing, we affirm the Board's August 19, 2020 Order.

                                              _____

**RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Mark A. Johnson,            :
            Petitioner       :
                                :
           v.                :     No. 926 C.D. 2020
                                :
Pennsylvania Parole Board,     :
           Respondent    :

## **O R D E R**

    **NOW**, May 10, 2021, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED.**

 

_____

**RENÉE COHN JUBELIRER,** Judge