IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Walker,                      :
              Petitioner          :
                                  :
       v.                   :
                                  :
Pennsylvania Parole Board,          :   No. 492 C.D. 2023
              Respondent          :   Submitted: June 3, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY[1]                    FILED:  January 7, 2026


      Ronald Walker (Petitioner) petitions this Court for review of the Pennsylvania Parole Board's (Board) decision mailed May 4, 2023, denying his request for administrative relief.  Petitioner is represented in this matter by Centre County Public Defender, David Crowley, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[2] in

---

[1] This matter was reassigned to the author on July 14, 2025.

[2] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

          Such letters are referred to by various names by courts of
          this Commonwealth.  *See, e.g.*, *Commonwealth v.*
          *Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring
          to such a letter as a "'no merit' letter" and noting that such

support thereof.  After review, this Court grants Counsel's Application and affirms the Board's decision.

**Facts**

Petitioner is currently incarcerated at the State Correctional Institution (SCI) Benner Township.[3]  On June 13, 2017, Petitioner pled guilty to Manufacture/Sale/Deliver or Possess w/Intent to Deliver a Controlled Substance and Conspiracy to Manufacture/Sale/Deliver or Possess w/Intent to Deliver a Controlled Substance, for which the Philadelphia County Common Pleas Court (Philadelphia Common Pleas) sentenced him to 4 1/2 months to 2 years of incarceration, and a Violation of Probation for which Philadelphia Common Pleas sentenced him to 1 day to 4 years of incarceration (Original Sentence).  *See* Certified Record (C.R.) at 1.  On August 1, 2018, the Board granted Petitioner parole from his Original Sentence with a maximum sentence release date of December 2, 2020.[4]  *See* C.R at 5-6.  The Board released Petitioner on parole on October 2, 2018.  *See* C.R. at 8.  On January 25, 2019, the United States Marshals Task Force arrested Petitioner in Burgaw, North Carolina and charged him with Possession w/Intent to

---

a letter is also commonly referred to as a "*Finley* letter," referring to the [Pennsylvania] Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* [L]etter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[3] *See* http://inmatelocator.cor.pa.gov (last visited Jan. 6, 2026).

[4] When Philadelphia Common Pleas originally sentenced Petitioner on June 13, 2017, it gave him credit for time he served pursuant to his sentencing orders.

Manufacture/Sale/Deliver Marijuana, Possession of Marijuana, and Manufacture of Marijuana. *See* C.R. a 33. At that time, the Board had an absconder warrant for Petitioner and the Philadelphia Police Department had an arrest warrant for Petitioner for attempted murder. *See id.* On March 13, 2019, North Carolina withdrew all charges against Petitioner and extradited him to Philadelphia on April 1, 2019. *See id.* On April 5, 2019, the Philadelphia Police Department arrested Petitioner for the crimes he committed on December 19, 2018, including, *inter alia*, the attempted murder charge (New Charges). *See id.* Also on that day, the Board charged Petitioner with a technical parole violation for leaving the District without permission and issued a detainer. *See id.*

On April 6, 2019, Philadelphia Common Pleas set bail at $500.00, which Petitioner did not post. *See* C.R. at 69. On April 1, 2021, Philadelphia Common Pleas convicted Petitioner of the New Charges and sentenced him to an aggregate sentence of 15 to 30 years of incarceration (New Sentence). *See* C.R. at 75-76. On June 9, 2022, the Board recommitted Petitioner as a Convicted Parole Violator (CPV) and recalculated his maximum sentence release date to November 25, 2023. *See* C.R. at 88.

On July 12, 2022, Counsel filed an Administrative Remedies Form on behalf of Petitioner, wherein he argued that the Board failed to credit Petitioner's Original Sentence with all the confinement time to which he was entitled.[5] *See* C.R. at 93. Specifically, Counsel asserted that Petitioner was detained on a Board warrant from January 25, 2019 through December 2, 2020, and from December 1, 2021 through June 30, 2022. *See id.* On May 3, 2023, the Board modified Petitioner's maximum sentence release date to November 22, 2023. *See* C.R. at 91. On May 4,

---

[5] Petitioner also filed an Administrative Remedies Form. *See* C.R. at 94.

2023, the Board responded to Counsel stating that the Department of Corrections (DOC) would apply credit towards Petitioner's New Sentence for any time that had not been credited to his Original Sentence, and reversed its June 9, 2022 action with respect to Petitioner's maximum sentence release date. *See* C.R. at 98-99.

On May 19, 2023, Petitioner, through Counsel, timely appealed to this Court.[6]  On September 13, 2023, Counsel filed with this Court the *Turner* Letter stating therein that Petitioner's issues lacked merit and the detailed basis therefor and certified that he sent a copy of the *Turner* Letter to Petitioner.  Simultaneously, Counsel filed with this Court the Application with an attached Verification, wherein Counsel certified under penalties relating to unsworn falsifications to authorities, *see* Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904, that the statements therein were true and correct that he had notified Petitioner of his Application and that Petitioner had the right to obtain new counsel or proceed pro se.  By September 18, 2023 Order (Order), this Court informed Petitioner that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the Petition for Review, or file a brief on his own behalf.[7]

---

[6] This Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[7] On November 7, 2023, Counsel served the Order on Petitioner.  Petitioner did not retain new counsel or file a pro se brief.

**Technical Requirements**

Initially,

> "[a] [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer* [*v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a [*Turner*] letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. However, if the [*Turner*] letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of [his] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (citation omitted). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel thoroughly discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal, and explained why those

5

issues lack merit. *See Turner* Letter at 1-9. Counsel served copies of both the Application and the *Turner* Letter on Petitioner and the Board. In addition, Counsel certified that he informed Petitioner of his right to proceed pro se or with new counsel. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements for withdrawing from representation.[8]

The Dissent believes that Counsel did not fulfill the *Turner* technical requirements because Counsel did not attach a copy of his statement to Petitioner advising Petitioner of his right to proceed pro se or with new counsel. In *Turner*, the Pennsylvania Supreme Court clarified the appropriate procedures under

---

[8] The Dissent believes this Court should deny Counsel's Application because Counsel "baldly" averred therein that he notified Petitioner of Counsel's request to withdraw and advised Petitioner of his right to retain new counsel or raise any points that he may deem worthy of consideration. *Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed January 7, 2026) (Dumas, J., dissenting), slip op. at 6. Specifically, the Dissent declares that his averment is insufficient because the Court must guess as to the details of when Counsel gave notice, in what manner, and the substance of Counsel's advice.

However, this Court is not left to guess anything. This Court knows that Counsel notified Petitioner that his claims were meritless and that Counsel would seek leave to withdraw on or about September 13, 2023, at the latest, the date Counsel certified that he served Petitioner with a copy of the Application and the *Turner* Letter. This Court also knows, at the very least, that Counsel served the Application and the *Turner* Letter on Petitioner via first-class mail, as also certified in both the Application and the *Turner* Letter. Finally, the substance of the notification to Petitioner is the same as the substance of the notification to this Court as included in both the Application and the *Turner* Letter. The purpose of the requirements is to guarantee that a petitioner whose counsel wishes to withdraw is aware of the application therefor, and that he has a right to obtain new counsel or to proceed pro se. Here, Counsel, an officer of the Court, averred in his Application that he provided said notification to Petitioner. *See* Application ¶ 3. Further, the Application includes a Verification, signed and dated September 13, 2023, wherein Counsel certified under penalties relating to unsworn falsifications to authorities that the statements therein were true and correct. *See* Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904. Moreover, Counsel served Petitioner with this Court's Order reiterating Petitioner's rights.

Pennsylvania law which govern withdrawal of appointed counsel in proceedings under the Post Conviction Hearing Act (PCHA).[9] The *Turner* Court held:

> When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw **and the petitioner may proceed pro se**, **or by privately retained counsel**, **or not at all**. The same procedure should be followed at any stage of the collateral proceedings, whether in a trial or appellate court. Inasmuch as the United States Supreme Court decided in *Pennsylvania v. Finley*, [481 U.S. 551 (1987),] that the federal constitutional considerations underlying the tortuous procedures of *Anders* [*v. California*, 386 U.S. 738 (1967),] do not apply under the PCHA, [the Pennsylvania Supreme Court] deem[s] these less rigid requirements for withdrawal of counsel to satisfy Pennsylvania law in collateral attacks on criminal convictions.

*Turner*, 544 A.2d at 928-29 (emphasis added).

Thereafter, in *Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009), this Court stated:

> *Turner/Finley* counsel must [] submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> **Counsel must also send to the petitioner**: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) **a statement advising petitioner of the right to proceed pro se or by new counsel**.

*Zerby*, 964 A.2d at 960 (italics omitted; emphasis added). However, this holding has not been interpreted as requiring a separate document advising petitioner of the

---

[9] The PCHA is the predecessor to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

right to proceed pro se or by new counsel. Rather, this Court has consistently held that a counsel's statement in his *Turner* letter averring that he notified petitioner that he has a right to obtain new counsel or file a pro se brief is sufficient to fulfill the requirement. *See Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (Counsel served the petitioner with copies of his application to withdraw "and no-merit letter . . . , in which he made clear his intention to withdraw and that [the petitioner] had the option of either retaining counsel or filing a pro se brief with this Court.") (Italics omitted); *see also Burford v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1388 C.D. 2010, filed Jan. 19, 2011);[10] *Staker v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 2191 C.D. 2011, filed July 10, 2012); *Johnson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 707 M.D. 2012, filed Nov. 7, 2013); *Moye v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 2328 C.D. 2012, filed Nov. 14, 2013); *Cole v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 475 C.D. 2014, Sept. 23, 2014).

Nonetheless, the Dissent maintains that this Court should follow the Pennsylvania Superior Court's (Superior Court) cases[11] that deny applications to withdraw for counsel's failure to attach a separate statement notifying petitioners of their rights to obtain new counsel or proceed pro se. However, the cases the Dissent

---

[10] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. The unreported cases cited herein are cited for their persuasive value.

[11] This Court is "not bound by the Superior Court's precedents although, where persuasive, [this Court is] free to adopt the Superior Court's reasoning." *Taylor v. Pa. State Police*, 132 A.3d 590, 603 n.15 (Pa. Cmwlth. 2016) (quoting *Wertz v. Chapman Twp.*, 709 A.2d 428, 433 n.8 (Pa. Cmwlth. 1998), *aff'd*, 741 A.2d 1272 (Pa. 1999)).

relies upon do not hold what the Dissent proffers. In *Commonwealth v. Muzzy*, 141 A.3d 509 (Pa. Super. 2016), the Superior Court denied counsel's application to withdraw because counsel's letter to the petitioner stated: "Should the Superior Court . . . grant my request to withdraw as counsel, you have the right to proceed with your appeal with other new counsel or pro se (which means on your own without counsel)." *Id*. at 511 (emphasis omitted). The Superior Court determined that that statement improperly conveyed to the petitioner that he could not proceed pro se or by privately retained counsel unless or until the Superior Court ruled on counsel's withdrawal request. *See id*. In *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), the Superior Court denied counsel's application to withdraw because, therein, he explained "[the petitioner's] right to new counsel." *Id*. at 752. The Superior Court determined that the wording incorrectly implied that the petitioner was entitled to different court-appointed counsel, as opposed to being entitled only to retain new counsel or to proceed pro se should he choose to do so. *See id*. In *Commonwealth v. Koubidina* (Pa. Super. No. 249 MDA 2024, filed Sept. 24, 2024) (unreported), the Superior Court denied counsel's application for two reasons: (1) as in *Muzzy*, counsel notified the petitioner that he may proceed pro se or with retained counsel, *if* the trial court granted the application to withdraw; and (2) counsel did not include a proof of service upon the petitioner for either the *Turner* letter or the application to withdraw. Finally, in *Commonwealth v. Frazier*, 330 A.3d 822 (Pa. Super. 2024), the Superior Court granted counsel's application to withdraw, not because she complied with the technical requirements, but so new counsel could be appointed because the Superior Court had issued several orders directing counsel to provide copies of the *Turner* letter and the application to the petitioner, which she continued to ignore.

9

The Majority acknowledges that, in *Millisock,* the Superior Court opined:

> [T]he prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights. Such a requirement ensures proper notification to the client and relieves th[e Superior] Court of having to make any assumptions in circumstances similar to those in this case, a burden inappropriate for a reviewing court.

*Id*. at 752.

Given the above issues in counsel's notifications, the Majority does not disagree with that advice. However, because a separate statement is not a mandated requirement and, in the instant case, Counsel stated in his Application - which included a proof of service upon Petitioner and a Verification wherein Counsel certified under penalties relating to unsworn falsifications to authorities, *see* Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904, that the statements therein were true and correct: "[Counsel] has notified Petitioner of [Counsel's] request to withdraw, and advised Petitioner of his right to retain new counsel or raise any points that he might deem worthy of consideration as required by *Craig v. Pennsylvania Board of Probation* [*&*] *Parole, . . .* 502 A.2d 758 ([Pa. Cmwlth.] 1985)[,]" Application ¶ 3, the Majority properly concludes that Counsel satisfied the technical requirements for withdrawing from representation.

Denying the Application on the basis that Counsel did not attach a separate statement notifying Petitioner of his rights when such is not required would serve no purpose given the notification included in Counsel's Application. Further, it would delay this case while this Court waits for Counsel to serve an additional, separate, redundant notification, and potentially confuse Petitioner as to the status of his case when he previously received the Application and the *Turner* Letter from

10

Counsel. Moreover, this Court would expend further resources again addressing an Application that was sufficient in the first instance. In addition, this Court must be mindful and respectful of a public defender's time and resources and not create mandatory duplicative notification requirements.

Finally, this Court has an established practice of issuing an Order upon receipt of an application to withdraw, stating:

> NOW, . . . counsel for Petitioner (Counsel) having filed an Application for Withdrawal of Appearance and *Turner* Letter, which shall be considered by the Court along with the merits of the Petition for Review, . . . (**Petitioner**) **may, within 30 days after service of this Order on Petitioner by Counsel**, **either**
>
> **(1) Obtain substitute counsel at his own expense and have new counsel enter an appearance and file and serve four copies of a brief in support of the Petition for Review OR**
>
> **(2) File and serve four copies of a brief on his own behalf**.
>
> **Counsel is directed to serve a copy of this Order upon Petitioner and file a certificate of service on or before** . . . .

(Italics and bold emphasis added). Given this Court's practice, there is no legitimate fear that any petitioner whose counsel files an application to withdraw in this Court will not be aware that he "may proceed pro se, or by privately retained counsel, or not at all."[12] *Turner*, 544 A.2d at 928.

---

[12] The Majority, however, does not rely upon said Order in making its determination that Counsel fulfilled the technical requirements for withdrawal from representation.

11

**Merits**

Petitioner first argues that he did not receive credit for various custody periods before and after his June 13, 2017 Original Sentence. Specifically, Petitioner contends that he is entitled to credit for the periods from April 29, 2014 through July 22, 2014, August 23, 2016 through December 21, 2016, June 13, 2017 through October 2, 2018, and January 25, 2019 through December 2, 2020.

Initially, Section 6138(a)(4) of the Prisons and Parole Code (Parole Code) provides: "The period for which the offender is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender[,]" 61 Pa.C.S. § 6138(a)(4), and "[CPVs] must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the [Parole] Code." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

"The general rule governing the allocation of credit for time served awaiting disposition of new criminal charge[s] was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation [&] Parole*, . . . 412 A.2d 568 ([Pa.] 1980)."[13] *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa.

---

[13] The Parole Code was consolidated and became effective on October 13, 2009. *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, as amended, added by Section 5 of the Act of August 24, 1951, P.L. 1401, formerly 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a

12

Cmwlth. 2007). Pursuant to *Gaito*, "this Court consistently [has] held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence."[14] *Armbruster*, 919 A.2d at 352. "*Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a [CPV] who receives a new sentence of incarceration[.]" *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768 (Pa. 2017). Accordingly, the Board does not have flexibility to determine the sentence to which credit should be applied.

> Section 6138(a)(5) of the Parole Code provides:
>
> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].
>>
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>>
>> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

---

> parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . . .

*Former* 61 P.S. § 331.21a(a) (repealed).

[14] If the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence. *See Smith v. Pa. Bd. of Prob. & Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016) (*Smith I*), *rev'd on other grounds*, 171 A.3d 759 (Pa. 2017) (*Smith II*); *see also Gaito*.

13

61 Pa.C.S. § 6138(a)(5).

Here, Petitioner cannot challenge missing credit for the periods from April 29, 2014 through July 22, 2014, and August 23, 2016 through December 21, 2016, which refer to time before his Original Sentence by appealing from his June 9, 2022 recommitment for violating parole.[15]

To the extent Petitioner is challenging whether the Philadelphia Common Pleas credited his sentence for time served before his Original Sentence, he should have made the claim pursuant to the Post Conviction Relief Act (PCRA).[16] *See Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) (quoting *Commonwealth v. Menezes*, 871 A.2d 204, 207 (Pa. Super. 2005) ("[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of [the] sentence and is cognizable under the PCRA.")). To the extent Petitioner is challenging DOC's computation of credit pursuant to the Philadelphia Common Pleas's sentencing order, he had to raise it in a mandamus action, where relief is granted when the sentencing order clearly gives the petitioner credit for the time period in question, and DOC's computation does not comply with that credit. *See Foxe v. Dep't of Corr.*, 214 A.3d 308 (Pa. Cmwlth. 2019). These avenues of relief are separate and distinct from appeals from Board decisions, *see* Section 73.1 of the Board's Regulations, 37 Pa. Code § 73.1, as such appeals cover different types of credit awards.

Further, regarding the period of time from his Original Sentence to his parole release on October 2, 2018, it appears that Petitioner was serving a state parole

---

[15] According to Petitioner's March 8, 2018 Sentence Status Summary, credit for time served was properly awarded in accordance with the sentencing orders. *See* C.R. at 1-4.

[16] 42 Pa.C.S. §§ 9541-9546.

recommitment related to an earlier state sentence, which expired on February 26, 2018. *See* C.R. at 1-4. Consequently, the Board did not credit his Original Sentence for that time period. If Petitioner believed his backtime on that earlier sentence was misapplied, he should have filed a timely administrative appeal to challenge the Board's calculation when it occurred. *See* 37 Pa. Code § 73.1.

Relative to Petitioner's contention that he is owed credit from January 25, 2019 through December 2, 2020, because he did not post bail, he is only entitled to credit toward his Original Sentence for time served exclusively under the Board's warrant, before any bail was set, and not for any period after bail became available. *See Gaito*. Petitioner properly received 71 days of credit from January 25, 2019 through April 6, 2019, when Philadelphia Common Pleas set bail. Any time Petitioner served that is not applied to his Original Sentence will be applied to Petitioner's New Sentence. *See id*. There is no evidence in the record that Petitioner did not receive credit for time served.

Petitioner also argues that the Board erred because his recommitment should not have started on December 1, 2021. Because December 1, 2021, marks both the sentencing on his New Charges and the point at which Petitioner became available to the Board for recommitment as a CPV, the Board correctly treated it as Petitioner's recommitment effective date. The Board awarded Petitioner 71 days of credit for time he served exclusively on the Board's detainer from January 25, 2019, the date the Board issued the warrant, to April 6, 2019, the date the Philadelphia Police Department arrested him on the New Charges.[17]

---

[17] The Board did not give Petitioner credit for time spent at liberty on parole. *See* C.R. at 98.

At the time of his October 2, 2018 release on parole, Petitioner had 792 days remaining on his Original Sentence. After subtracting Petitioner's 71 days of credit for time served on the Board's detainer, 721 days remained on Petitioner's Original Sentence. Adding those 721 days to the recommitment effective date of December 1, 2021, yields a new maximum sentence release date of November 22, 2023. Accordingly, the Board properly calculated Petitioner's new maximum sentence release date.

## Conclusion

Because this Court agrees that Petitioner's claims have no merit, Counsel's Application is granted, and the Board's order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Walker,                                :
          Petitioner         :
                                   :
        v.                         :
                                   :
Pennsylvania Parole Board,         :       No. 492 C.D. 2023
          Respondent       :

## O R D E R

AND NOW, this 7th day of January, 2026, David Crowley, Esquire's Application to Withdraw as Counsel is GRANTED, and the Pennsylvania Parole Board's May 4, 2023 decision is AFFIRMED.

The Prothonotary is directed to serve a copy of this Opinion and Order on Petitioner Ronald Walker.

 

 

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Walker,                           :
                    Petitioner           :
                                         :
          v.                             :
                                         :
Pennsylvania Parole Board,               :    No. 492 C.D. 2023
                    Respondent           :    Submitted: June 3, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


## *OPINION NOT REPORTED*

**DISSENTING OPINION BY**
**JUDGE DUMAS**                                    **FILED:  January 7, 2026**


Respectfully, I dissent.  In my view, David Crowley, Esq. (Counsel) has failed to meet the technical requirements for withdrawal, first recognized by this Court in *Scott v. Jacobs*, 463 A.2d 110 (Pa. Cmwlth. 1983).  While the substantive requirements of appointed counsel's advocacy have evolved, the technical requirements have remained the same.[1]  Before any request to withdraw may be

---

[1] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds by Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d

considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, and (3) advise his client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See, e.g.*, *White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985).

I concede that the manner in which appointed counsel must "notify" and "advise" his or her client has not been clearly defined by this Court. This has engendered a certain flexibility in our analysis. *Compare, e.g.*, *Deck v. Pa. Parole Bd.* (Pa. Cmwlth., No. 215 C.D. 2023, filed May 13, 2025) (accepting a letter that included a statement of the petitioner's rights, addressed to the petitioner and attached to counsel's application to withdraw), *with Brown v. Pa. Parole Bd.* (Pa. Cmwlth., No. 793 C.D. 2023, filed Oct. 9, 2024) (accepting counsel's no-merit letter, which was addressed to this Court, but which included a statement of rights directed to the petitioner), and *Mills v. Pa. Parole Bd.* (Pa. Cmwlth., No. 255 C.D. 2023, filed April 10, 2024) (accepting counsel's averment detailing when and how counsel advised petitioner of his rights), *and Moy v. Pa. Parole Bd.* (Pa. Cmwlth., No. 259 C.D. 2023, filed Sept. 18, 2024) (accepting counsel's bald averment that he had informed the petitioner of his rights).[2]

---

928 (Pa. 1988)) (cleaned up). In this case, I agree with the majority's conclusion that Counsel has thoroughly discussed the nature of his review, identified the issues in Petitioner's administrative appeal, and explained why those issues lack merit.

[2] Although not definitive, a snapshot of older cases illustrates a more consistent approach. *See, e.g.*, *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667 (Pa. Cmwlth. 2018) (No. 1241 C.D. 2017, Appl. to Withdraw, Ex. A) (letter to petitioner providing statement of rights); *Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363 (Pa. Cmwlth. 2017) (No. 1765 C.D. 2015, Mot. to Withdraw,

However, I believe clear guidelines, consistently enforced, would better help to ensure the rights of indigent litigants, promote the diligent efforts of counsel, and facilitate the more efficient resolution of these cases.  With those goals in mind, the *Zerby* Court's general overview of this subject and its formulation of these technical requirements are useful.  In *Zerby*, this Court stated that "[c]ounsel *must* also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; *and* (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel."  964 A.2d at 960 (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)) (emphasis added); *see also Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (clarifying that these technical requirements survived scrutiny by the Pennsylvania Supreme Court in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)).

Although the focus of the *Zerby* Court's analysis was the substance of appointed counsel's no-merit letter, 964 A.2d at 961-63, I find the Court's citation to *Wrecks* useful.  *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (noting that Superior Court decisions can be particularly persuasive where they address analogous issues).  Moreover, while the third requirement, *i.e.*, a statement advising the petitioner of pertinent rights, "is not explicitly commanded by *Turner*," former Chief Justice Castille reasoned that it "better ensures notice to the [petitioner]" and "the additional specified documentation will make it easier for the [petitioner] to respond and raise objections

Ex. A) (same); *Oliphant v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1775 C.D. 2012, filed Aug. 28, 2013) (*Turner* Letter, Ex. A) (same); *Fisher v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 415 C.D. 2010, filed Dec. 30, 2010) ("by letter dated June 10, 2010, [c]ounsel . . . advised [the petitioner] of his right[s]"); *Encarnation v. Pa. Bd. of Prob. & Parole*, 990 A.3d 123, 126 (Pa. Cmwlth. 2010) ("Counsel in this case served [the petitioner] with copies of his application to withdraw and no-merit letter . . . in which he made clear his intention to withdraw and that [the petitioner] had the option of either retaining counsel or filing a *pro se* brief with this Court.").

. . . ." *Commonwealth v. Pitts*, 981 A.2d 875, 881-82 (Pa. 2009) (Castille, C.J., concurring).[3]

These distinct, technical requirements are firmly established in the jurisprudence of our sibling, the Pennsylvania Superior Court, which has extensive experience evaluating similar requests from appointed counsel who seek to withdraw their representation from clients seeking relief in criminal matters, whether by direct appeal from a judgment of sentence or pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In particular, I note that the Superior Court routinely denied petitions from appointed counsel who fail to document their provision of accurate information to indigent clients in a statement of rights. *See, e.g., Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016) (denying PCRA counsel's petition to withdraw because counsel's statement to appellant was deficient); *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005) (citing the procedural requirements adopted by *Anders* and *McClendon*, disapproving counsel's failure to attach to his petition a copy of his letter to client, and "opin[ing] that the prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights"); *Commonwealth v. Koubidina*, 328 A.3d 520 (Pa. Super. 2024), 2024 WL 4275122, at *2 (disapproving PCRA counsel's incorporation of a statement of rights in counsel's no-merit letter and explicitly denying counsel's application to withdraw because counsel had failed to attach to her petition a copy of the letter purportedly sent to client outlining his rights); *see also, e.g., Commonwealth v.*

---

[3] The majority maintains that a separate statement is not a court-mandated requirement. As recognized by former Chief Justice Castille, the absence of any explicit requirement in *Turner* should not be prohibitive. In my view, we should clearly embrace the procedural requirements outlined in *Zerby*.

*Frazier*, 330 A.3d 822, 824-25 (Pa. Super. 2024) (noting that the court would normally deny a petition to withdraw filed by counsel when counsel has not attached to her application a letter/statement to client advising client of his rights but instead granting the petition and remanding to the lower court for the appointment of new counsel in the interests of judicial economy).[4]

Finally, I note this Court's long-standing practice of issuing orders that may reiterate the rights of an indigent petitioner and further impose a schedule limiting the time within which that petitioner can secure new counsel or file a *pro se* brief. *See, e.g.*, *Encarnation v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123 (Pa. Cmwlth. 2010) (No. 1677 C.D. 2009) (docket sheet indicating such an order was filed on December 1, 2009); *Zerby*, 964 A.2d 956 (No. 1179 C.D. 2008) (docket sheet similarly indicating such an order was filed October 22, 2008). Nevertheless, these technical requirements are imposed on appointed counsel, not the Court, whose role is to review counsel's efforts and, "[o]nce counsel fully complies with the procedural and substantive requirements to withdraw, . . . then independently review the merits of the petitioner's claims." *White*, 276 A.3d at 1254. Therefore, I must caution against any suggestion or implication that this Court may serve as surrogate counsel to a petitioner and supplement an appointed counsel's efforts.[5]

---

[4] We can cite as persuasive unpublished decisions of this Court filed after January 15, 2008, and unpublished decisions of the Superior Court filed after May 1, 2019. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a). The majority offers reasons to distinguish these decisions but, in my view, misses the broader point: consistent enforcement of clearly delineated procedural requirements is useful and appropriate. These simple requirements provide a clear framework within which to efficiently consider an appointed counsel's assertions that an indigent litigant's claims lack merit while ensuring that litigant's rights.

[5] Regrettably, on occasion, this Court has referenced a scheduling order in analyzing whether an appointed counsel has met the technical requirements for withdrawal. *See, e.g.*, *Brady v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 262 C.D. 2018, filed Aug. 7, 2018), slip op. at 6, 2018

In this case, Counsel has baldly averred that he "notified Petitioner of [Counsel's] request to withdraw[] and advised Petitioner of his right to retain new counsel or raise any points that he may deem worthy of consideration . . . ." Appl. for Withdrawal of Appearance, 9/12/23. In my view, this is insufficient. Absent from this averment is any detail describing Counsel's notification or advice. Thus, the Court is left to guess: (1) when Counsel notified Petitioner that his claims were meritless and that Counsel would seek leave to withdraw; (2) the manner of Counsel's notification; and (3) the substance of Counsel's advice. Further, it has long been accepted that appointed counsel must promptly inform a client. *See, e.g.*, *Craig*, 502 A.2d at 760 ("[T]he prisoner must be given a reasonable opportunity to respond to that motion by securing substitute counsel or filing a *pro se* brief."). Here, however, the Court is left with the rather unsettling possibility that Petitioner did not learn of Counsel's intentions until Counsel had served the application and no-merit letter on Petitioner. Most importantly, Counsel has not attached a copy of his statement to Petitioner, and Counsel's bald averment lacks any objective evidence to support it. For these reasons, I would deny without prejudice Counsel's application to withdraw and instruct Counsel to file an advocate's brief or refile his no-merit letter and application to withdraw with proper support by attaching his

___

WL 3733442, at *3 (accepting counsel's service of this Court's scheduling order upon litigant as sufficient compliance with counsel's technical requirements).

In this case, the Court directed Counsel to serve a copy of the order on Petitioner and file a certificate of service on or before October 3, 2023. *See* Order, 9/18/23. Counsel did not comply with this order. Rather, based on his amended certificate of service, Counsel did not serve our order on Petitioner until November 7, 2023. Thus, any remedial benefit that our order could have served was undermined by this dilatory service.

statement to Petitioner. [6] *See Muzzy*, 141 A.3d at 511-12*; Millsock*, 873 A.2d at 751-52*; Koubidina*, 2024 WL 4275122, at *2.

For these reasons, I dissent.

**LORI A. DUMAS, Judge**

---

[6] To be clear, I do not question Counsel's sincerity; Counsel's averments speak for themselves. Further, I am sensitive to the limited resources available to the Commonwealth's public defenders, both financial and temporal. *See* Maj. Op., slip op. at 11. Any delay caused by the proper disposition of this case will surely produce benefits prospectively.